BOLIN, Judge.
Mr. and Mrs. Shepard were divorced and the mother was awarded the permanent custody of a minor child, issue of the marriage, together with child support in the amount of $50 per month. Soon thereafter the wife remarried and left the continental limits of the United States with her second husband,and the child. The father instituted a rule nisi, seeking to be allowed to discontinue payments for child support because the mother had moved with the child to a place so remote as to make his visitation with his child virtually impossible.
Prior to a hearing on the rule the mother returned to the United States, filed a rule against her first husband to show cause why the past due alimony should not be made executory, and why the father should not be held in contempt of court.
There is no transcript of evidence or narrative of facts, but the minutes of court reflect the rules were submitted on briefs. For written reasons the trial judge denied *430 the father’s request to discontinue child support; made the past due alimony in the sum of $650 executory but recalled the rule for contempt. He further found the mother was justified in moving overseas with her child in order to be with her second husband who was stationed in England with the Armed Services. According to the trial judge, it was stipulated Mr. Shepard made no support payments while the child was overseas, but that “she had recently returned to the United States”. From a formal judgment signed in accordance with the opinion, Mr. Shepard appeals.
Appellant contends on appeal the decision of the trial court should be reversed and that child support should have been terminated during the child’s absence from the United States. From our study of the written opinion of the trial judge, which contains the only evidence before us, we find appellant’s contentions are without merit.
The judgment is affirmed at appellant’s cost.